**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **NIRIN WALLS, R49110,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **DR. KHAN,** ) | |
| **DR. BOOSE,** ) | |
| **MS. CUNNINGHAM,** ) | |
| **LT. HUNDLEY,** ) | |
| **SGT. WILSON,** ) | |
| **NURSE J. BROWN,** ) | **Case No. 26-cv-334-SPM** |
| **LATOYA HUGHES,** ) | |
| **NURSE SIMPSON,** ) | |
| **SUSAN COLE,** ) | |
| **LT. YATES,** ) | |
| **C/O WHITE,** ) | |
| **LT. REID,** ) | |
| **C/O STREETER,** ) | |
| **WEXFORD HEALTH SOURCE, INC.,** ) | |
| **DR. REISTER,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on Plaintiff Nirin Walls' Motion for an Injunction, Temporary Restraining Order, and Change of Venue (Doc. 10). The underlying complaint, which is still awaiting preliminary review, concerns Walls' medical and disability needs while incarcerated at Lawrence Correctional Center (Lawrence) (Doc. 1). In the Motion, Walls alleges that he has been transferred from Lawrence to Menard Correctional Center (Menard), and he attributes the transfer to the undersigned. Walls

states that he needs a change of venue and judge in order to avoid damage to his rights, his health, his mobility, and his rehabilitation.  (Doc. 10 at 2).

Because Plaintiff is proceeding pro se, the Court construes the portions of the motion indicating he wishes for the undersigned to recuse as being brought pursuant to 28 U.S.C. § 455.  *See Cohee v. McDade*, 472 F. Supp. 2d 1082, 1083–84 (S.D. Ill. 2006) (citation omitted) (reasoning that the disqualification of federal judges is governed by 28 U.S.C. § 455 and 28 U.S.C. § 144, with the latter being unavailable to pro se litigants in light of the statutory requirement of a good faith certificate from "counsel of record").  Pursuant to 28 USCA § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."   28 USCA § 455(a).  The statute also provides a number of circumstances in which a judge shall disqualify themself, for example, where he or she is related to a party, has a financial interest in the outcome, has a personal bias or prejudice concerning a party, or has personal knowledge regarding evidentiary facts concerning the proceedings.  (*Id.*). Opinions held by judges about things that they learned in earlier litigation with the parties are not evidence of bias.  *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 551 (1994) ("Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings."); *In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) ("There is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties."); *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004) ("The factual allegations must fairly support the charge of bias or impartiality and must be specific.").

Here, Plaintiff has not provided any basis for his bald assertion that the undersigned somehow contacted the Illinois Department of Corrections and directed that he be relocated and deprived of needed accommodations. The allegations about the undersigned's involvement in Plaintiff's living situation or accommodations are purely conclusory and have no basis in reality. The undersigned has not taken any action yet in this case either positive or negative, and in fact has not even yet reviewed the full contents of the complaint. Beyond Plaintiff's own bare assumption that the undersigned is somehow involved, he provides no rationale as to why the undersigned would behave inappropriately in association with this case or any other. There is simply no basis for recusal.

To the extent that Plaintiff seeks injunctive relief from his recent prison transfer from Lawrence to Menard, and for his lack of accommodations, he may not proceed. The complaint focuses on healthcare and accommodations rendered at Lawrence and 13 of the 15 defendants are Lawrence employees, but Plaintiff is now housed at Menard and does not suggest a re-transfer is likely. Generally, a prison transfer moots a demand for injunctive relief if it is tied to living at a particular facility. *See e.g., Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (if a prisoner is transferred to another prison, his request for injunctive relief against officials at the first prison is moot unless a retransfer is likely). Plaintiff cannot now seek injunctive relief from the 13 defendants at Lawrence.

This leaves Defendants Hughes and Wexford Health Sources. Plaintiff does not mention Wexford in the Motion (Doc. 10), so there is not basis to grant injunctive relief concerning Wexford. In order to secure injunctive relief in this matter concerning

Hughes, Plaintiff would need to raise allegations in his Motion (Doc. 10) that align with the allegations in the operative complaint (Doc. 1). *See e.g., Tatum v. Hunter,* Case No. 22-2411 (S.D. Ill. 2023) (Doc. 16) (denying injunctive relief, including a request for a transfer, where the injunctive relief sought was not narrowly tailored and did not align with the claims in the case) *aff'd in Tatum v. Hunter,* Case No. 23-2253 (7th Cir. May 16, 2024); *Daniels v. Dumsdorff, et al.,* Case No. 19-cv-394 (S.D. Ill. 2019). The only thing the complaint says about Hughes is that she failed to arrange for adequate mental health care services at Lawrence (Doc. 1 at 11, 13-14), but the present Motion (Doc. 10) says nothing about mental health care at Menard. Given the disconnect between the legal theory against Hughes in the Complaint, and the distinct allegations against Hughes in the present Motion about Plaintiff's transfer and lack of ADA accommodations at Menard, it would not be appropriate for the Court to grant the injunctive relief sought in this Motion.

Based on the foregoing analysis, Plaintiff's Motion (Doc. 10) is **DENIED** in full.

**IT IS SO ORDERED.**

**Dated**: June 17, 2026

**STEPHEN P. MCGLYNN**
**United States District Judge**