**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**NIRIN WALLS,**

**Plaintiff,**

**v.**

**DR. KHAN, *et al.*,**

**Defendants.**

**Case No. 26-cv-00334-SPM**

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This case is before the Court on several motions filed by Plaintiff Nirin Walls. For the following reasons, all motions are denied.

## I. Motions to Reconsider (Doc. 16, 19)

Plaintiff has filed two Motions to Reconsider asking the Court to reconsider the Merit Review Order (Doc. 14). Under Federal Rule of Civil Procedure 54(b), the Court may revise any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Plaintiff first seeks reconsideration of the dismissal of Count 6 against Dr. Boose, Director Hughes, Warden Brown, and Dr. Reister. (Doc. 16). In the Merit Review Order, the Court delineated Count 6 as an Eighth Amendment deliberate indifference claim against Khan, Boose, Hughes, Brown, Wexford, and Reister for failing to provide Plaintiff adequate mental health care while he was at Lawrence Correctional Center. (*Id.* at p. 5). Count 6 was only allowed to proceed against Dr. Khan based on Plaintiff's assertions that he has schizophrenia and that Dr. Khan disregarded a serious risk to his health by failing to ensure that he received food with the Geodon medication and/or by failing to prescribe an alternative treatment when Dr. Khan discovered that Plaintiff had stopped taking the Geodon medication because it hurt Plaintiff's stomach. (*Id.* at p. 8). The Court dismissed Count 6 against the other Defendants and against Dr. Khan regarding Plaintiff's assertion that he was denied group therapy sessions. (*Id.*).

Plaintiff argues that the Court incorrectly dismissed Count 6 against Defendants Dr. Boose, Director Hughes, Warden Brown, and Dr. Reister. He states that when he was transferred from Joliet Treatment Center to Lawrence Correctional Center (Lawrence), he signed a document stating that he would receive continued care in a "step down fashion." (*Id.*). Once at Lawrence, however, he received no mental health care, and someone needs to be held liable. (*Id.*).

Plaintiff has not demonstrated that the Court committed an error of fact or law in dismissing Count 6 against Dr. Boose, Director Hughes, Warden Brown, or Dr. Reister. Although Plaintiff alleges in the Complaint that Dr. Reister, "Dr. Boose, Dr. Khan, Director Latoya Hughes, Warden Brown are liable for [providing] zero mental health care," (*see* Doc. 1, p. 11, 13, 14), this conclusory statement is too "sparse to plausibly support a finding that the [Defendants] acted recklessly or intentionally disregarded a substantial risk of serious harm." *Messel v. Wexford Health Sources, Inc.,* No. 25-2191, 2026 WL 2114509, at *2 (7th Cir. 2026). It is not sufficient for Plaintiff to allege that Director Hughes is "in charge" or that he was "under the care of" Dr. Boose

to plead liability under Section 1983. *Id.* (finding that the phrase "while under the care of the defendants" insufficient to state an Eighth Amendment claim). Plaintiff does not describe any of Defendants' actual conduct in relation to his mental health care, which makes it impossible to determine from the body of the Complaint which of the Defendants had sufficient knowledge and personal involvement to support a claim that they were deliberately indifferent. As mentioned in the Merit Review Order, an upper-level official cannot be liable simply because he or she was in a supervisory position. (Doc. 14, p. 9). Additionally, an upper-level official does not have "a free-floating obligation to put things to rights." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). Thus, the Court did not misapply the facts or law in finding that Plaintiff had failed to state an Eighth Amendment claim against Hughes, Reister, Boose, and Brown, and the request to reconsider the dismissal of Count 6 is **DENIED**.

Plaintiff also argues that the Court wrongfully dismissed claims against Dr. Cole and HCUA Cunningham for failing to ensure he received needed medications, specifically blood pressure and seizure medication, when he arrived at Lawrence. (Doc. 20). While it is true that Plaintiff clearly alleges in the Complaint that he went without needed medication for four days after he was transferred to Lawrence (*see* Doc. 1, p. 10, 12), he does not sufficiently assert these allegations against either Dr. Cole or HCUA Cunningham. Again, the Court cannot plausibly infer liability solely based on their positions as medical staff at the facility. Deliberate indifference requires a showing of personal involvement. *See Burks,* 555 F.3d at 596. Plaintiff's assertion that he sent several request slips to Dr. Cole and HCUA Cunningham "requesting wheelchair, cane, and pain medication," (Doc. 1, p. 10), is not sufficient to state a claim against Dr. Cole and HCUA Cunningham for the denial of seizure and blood pressure medication for the four days following his transfer. He has not shown an error of fact or law in the Court's Merit Review Order and the second Motion to Reconsider is **DENIED**. (Doc. 19).

In the first Motion to Reconsider (Doc. 16), Plaintiff also seeks to amend his request for preliminary injunctive relief. He states that now that he had been transferred from Lawrence to Menard Correctional Center (Menard), not only has he been denied wheelchair access, but he also is not housed in an ADA cell, he is not receiving Tramadol for back pain, and he is not receiving a snack bag with Geodon medication. (Doc. 16, p. 4). The request is **DENIED**.

In the Complaint, Plaintiff alleges that following his transfer to Lawrence in 2025, he was mistreated, he received constitutionally inadequate medical care, and he was denied ADA accommodation, specifically mobility assistant. He is proceeding on the following claims:

**Count 1:** Eighth Amendment claim against Hundley, Yates, and Streeter for the use of excessive force against Plaintiff on May 25, 2025.

**Count 2:** Eighth Amendment claim against White for the use of excessive force against Plaintiff sometime around May 26 or 27, 2025.

**Count 3:** Eighth Amendment claim against Hundley, Yates, and Streeter for subjecting Plaintiff to cruel and unusual punishment by leaving Plaintiff on the floor of his cell unassisted for hours on May 25, 2025.

**Count 4:** Eighth Amendment claim against White, Wilson, Hundley, and Reid for subjecting Plaintiff to cruel and unusual punishment by leaving Plaintiff on the floor of his cell unassisted sometime around May 26 or 27, 2025.

**Count 5:** Eighth Amendment deliberate indifference claim against Simpson, Hundley, Yates, and Streeter for failing to provide Plaintiff access to a mobility device.

**Count 6:** Eighth Amendment deliberate indifference claim against Khan for failing to provide Plaintiff with adequate mental health care, specifically medication to treat his schizophrenia.

**Count 8:** ADA/RA claim against Director Hughes for denying Plaintiff access to mobility assistance from May 25, 2025, through June 7, 2025.

(Doc. 14). While there are commonalities between conditions Plaintiff experienced at Lawrence and what he is again currently experiencing at Menard, Plaintiff's new assertions are outside the

scope of this lawsuit. Plaintiff cannot use a preliminary injunction motion to amend allegations in the Complaint concerning his medical care, which currently are limited to events that occurred at Lawrence. *See Chi. Reg'l Council of Carpenters v. Vill. of Schaumburg,* 644 F.3d 353, 356 (7th Cir. 2011) (a plaintiff "must still ground its right to relief on events described in the complaint, not on matters that arise later"). The Court has allowed Plaintiff's request for a preliminary injunction concerning his ADA and lack of mobility assistance to be briefed because, as pled, it appears to stem from a system-wide policy and so his transfer has not mooted his ADA claim. *See Lehn v. Holmes,* 364 F.3d 862, 871–72 (7th Cir. 2004). Accordingly, the Court denies Plaintiff request to order Director Hughes to respond to assertions that he is currently being denied adequate medical and mental health care now that he has been transferred to Menard.

**II. Motion to Intervene (Doc. 20)**

Plaintiff asserts that at Menard, he continues to be assaulted and thrown from his wheelchair and subjected to excessive force. (Doc. 20, p. 1). He states that a correctional officer named Rickleman spit on his face and told him that Director Hughes told "us" to kill Plaintiff. (*Id.*). Plaintiff asks the Court for help. (*Id.*).

The Motion to Intervene is **DENIED**. As stated above, the Court will not issue a preliminary injunction based on facts that are separate and distinct from the claims Plaintiff is prosecuting in this case. Plaintiff's assertions that he is being mistreated now that he is housed at Menard are not related to the claims at issue in this litigation. The request to intervene is denied.

**III. Motion for Default Judgment (Doc. 32)**

Plaintiff's request for default judgment against Defendant Director Hughes is **DENIED**. (Doc. 32). Hughes successfully returned her waiver of service on August 31, 2026, and despite Plaintiff's assertions, there is no evidence that she is acting intentionally to delay this case.

**IV. Motion for a Hearing on Request for Injunctive Relief (Doc. 34)**

The Motion for a Hearing is **DENIED**. (Doc. 34). As Plaintiff was previously informed, once Director Hughes has been successfully served and filed a response to the request for a preliminary injunction, the Court will then determine the need for a hearing. (Doc. 14, p. 14).

The Court understands that Plaintiff is unhappy with the speed at which this case is progressing. Plaintiff, however, has chosen to pursue litigation in federal court to resolve his dispute with Defendants, which often progresses slowly. Plaintiff is to refrain from continuing to file unnecessary filings, as they waste scarce judicial resources and only serve to delay the resolution of his claims.

**IT IS SO ORDERED.**

**DATED: August 31, 2026**

**STEPHEN P. MCGLYNN**
**United States District Judge**